UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARL BOESING,                         )
                                      )
        Petitioner,                   )
                                      )
   v.                                 )    No. 4:02CV888 CAS
                                      )              (FRB)
GENE STUBBLEFIELD,[1]                 )
                                      )
        Respondent.                   )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner Carl Boesing's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge for appropriate disposition pursuant to 28 U.S.C. § 636(b).

On February 11, 1999, a jury in the Circuit Court of Jefferson County, Missouri, found petitioner guilty of Burglary Second Degree. (Resp. Exh. A at 161; Exh. B at 27.) Petitioner was sentenced as a prior and persistent offender to a term of twenty years' imprisonment. (Resp. Exh. B at 35.) On January 25,

---

[1]Petitioner is currently incarcerated at Farmington Correctional Center (FCC) in Farmington, Missouri. Al Luebbers, Superintendent of FCC, should be substituted for Gene Stubblefield as proper party respondent inasmuch as he is petitioner's custodian. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

- 1 -

2000, the Missouri Court of Appeals affirmed petitioner's conviction and sentence. State v. Boesing, 10 S.W.3d 580 (Mo. Ct. App. 2000) (per curiam). On April 11, 2000, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. (Resp. Exh. J.) The Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on March 26, 2002. Boesing v. State, 138 S.W.3d 727 (Mo. Ct. App. 2002) (per curiam). Petitioner's Motion for Rehearing and/or Transfer to the Supreme Court was subsequently denied on May 2, 2002. The instant petition, verified by petitioner on June 5, 2002, was received by this Court on June 13, 2002, and filed June 27, 2002, upon petitioner being granted leave to proceed in the cause in forma pauperis.

Petitioner is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. In the instant petition for writ of habeas corpus, petitioner raises three claims for relief:

(1) That petitioner received ineffective assistance of trial counsel in that counsel failed to investigate, contact and depose known alibi witnesses who would have assisted in petitioner's defense;

(2) That petitioner received ineffective assistance of trial counsel in that counsel proceeded to represent petitioner despite a conflict of interest created by his representation of petitioner's co-defendant; and

(3) That petitioner received ineffective assistance of

> trial counsel in that counsel failed to impeach the testimony of one of the State's witnesses with inconsistent statements regarding the physical description of the perpetrator of the crime.

In response, respondent contends that the state court's disposition of the claims on their merits was neither contrary to nor an unreasonable application of clearly established federal law, and that the claims should therefore be denied here.

## I. Exhaustion Analysis

It is well settled that a petitioner must exhaust his state law remedies before the federal court may grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage

of justice would occur in the absence of such review. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005).

A review of the record shows petitioner's claims to be exhausted inasmuch as petitioner properly raised the claims in state court upon which they were determined on their merits.

## II. Merits of Claims

On direct appeal, the Missouri Court of Appeals summarized the facts underlying petitioner's offense as follows:

> On November 7, 1997, at about 9:53 a.m., Don Lewis saw two suspicious-looking men walking down his street. He saw the two men go into the back yard of his neighbor and stop near the deck. Believing the men were trying to break into the house, Lewis called the police. Upon arriving at the scene, Jefferson County Deputy Sheriff Joseph Faulkner hear [sic] a loud thump from inside the house. At the rear of the house, he saw pry marks on the back door and a cut window screen. The rear door opened and two men leaned out of the door. They saw the deputy and ran out the front door, down the street and into the woods. The deputy was unable to catch the suspects. Inside the house, several CD's had been placed in a black bag and another bag was full of change. Three thousand dollars in jewelry was missing. Both Don Lewis and Officer Faulkner

>           positively identified Defendant as one of the
>           men who broke into the house.

(Resp. Exh. E at 2.)[2]

A review of the record shows petitioner and Joseph Malone to have been charged separately with the burglary. (Resp. Exh. F at 65-66.) Prior to petitioner's trial, Malone plead guilty to the offense. (<u>Id.</u> at 70-71.) The same attorney represented petitioner and co-defendant Malone throughout each of their separate causes of action. (<u>Id.</u> at 49-50, 63-65, 70-77.) At no time either prior to or during trial did petitioner object to counsel's representation of both he and Malone. (Resp. Exhs. A, B.)

A.  <u>Ground 1</u>

In Ground 1 of the instant petition, petitioner claims that he received ineffective assistance of trial counsel in that counsel failed to contact, investigate and call to testify at trial three witnesses whom petitioner contends could have provided an alibi defense. Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion. Upon review of the merits of the claim, the Missouri Court of Appeals agreed with the motion court's determination that counsel's decision constituted reasonable trial strategy, and denied petitioner relief. (Resp. Exh. M.)

---

[2] Inasmuch as petitioner does not rebut these factual findings with clear and convincing evidence, the findings are presumed correct. 28 U.S.C. § 2254(e)(1).

Section 2254(d)(1) requires federal habeas courts to test the determinations of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.

Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. Id. at 687. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Indeed, a strong presumption exists that counsel's conduct "might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal quotation marks and citation omitted). Decisions relating to trial strategy are "virtually unchallengeable." Id. at 690. To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

With respect to the claim raised in Ground 1, petitioner contends that his sister, brother-in-law, and fiancee would have provided testimony at trial supporting an alibi defense, but that counsel failed to contact, depose and investigate such witnesses. After an evidentiary hearing on the claim, the post-conviction motion court determined counsel to have made a strategic decision with respect to such witnesses inasmuch as he determined to try the

case strictly on the defense of misidentification. In addition, the motion court noted that the testimony proffered by petitioner's fiancee failed to support an alibi defense, and that the testimony proffered by petitioner's sister and brother-in-law was inconsistent with that of petitioner. Finally, the motion court noted that all three proffered witnesses testified that petitioner was an associate of Joseph Malone and that with the admission of such testimony, the State could have presented rebuttal evidence of Malone's admitted involvement in the crime which would have strengthened the State's case against petitioner. (Resp. Exh. J at 78.)

On appeal, the Missouri Court of Appeals articulated the <u>Strickland</u> standard for ineffective assistance of counsel (Resp. Exh. M at 2) and determined counsel's decision not to call petitioner's sister, brother-in-law and fiancee to be a matter of sound trial strategy:

> The movant's trial counsel clearly testified during the post-conviction relief evidentiary hearing that his decision to forego calling the three witnesses was trial strategy and made for several reasons: (1) he doubted the veracity of the alibi evidence presented by the movant's relatives; (2) he concluded the best defense was misidentification, relying on the eyewitnesses' limited ability to view the movant; (3) he did not want to present an alibi defense in a case where he was not going to call the movant to testify due to the movant's prior thirteen convictions; and (4) the alibi witnesses could connect the movant and co-defendant Malone, who already stood convicted of the burglary

for which the movant was then being tried.
(Id. at 4.)

The determination whether to call certain witnesses is a decision left to counsel as a matter of trial strategy. See United States v. Washington, 198 F.3d 721, 723-24 (8th Cir. 1999) (strategic decisions left to counsel include all trial decisions other than the decision to plead guilty, waiving a jury trial, testifying on one's own behalf, and taking an appeal). In the circumstances of this cause, as determined by the post-conviction motion court and the Missouri Court of Appeals, it was reasonable for counsel as a matter of trial strategy not to call petitioner's proffered witnesses to testify because of their lack of trustworthiness and credibility and/or because their testimony was believed to be more harmful than helpful to the defense. See Johnson v. Lockhart, 921 F.2d 796, 799 (8th Cir. 1990); Russell v. Jones, 886 F.2d 149, 152 (8th Cir. 1989); see also Sloan v. Delo, 54 F.3d 1371, 1384 (8th Cir. 1995) (strategy need not be successful to be reasonable under Strickland). For these same reasons, it cannot be said that petitioner was prejudiced by counsel's failure to further investigate and call such witnesses to testify. See Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990) (petitioner must show that witness' testimony would have been favorable to his defense); cf. English v. United States, 998 F.2d 609, 613 (8th Cir. 1993) (reasonableness of counsel's decision not

to call witness strengthened by examination of the witness' proposed testimony, as adduced at post-conviction hearing, which motion court determined to be unbelievable).

In its opinion, the Missouri Court of Appeals set out the Strickland standard for ineffective assistance of counsel and found counsel's challenged conduct relating to his failure to call petitioner's sister, brother-in-law and fiancee to testify to constitute sound trial strategy, and thus not to rise to the level of ineffective assistance. This decision was well based on law and fact and was not "contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the claim raised in Ground 1 of the instant petition should be denied. 28 U.S.C. § 2254(d).

B. Ground 2

In Ground 2 of the instant petition, petitioner claims that trial counsel's representation of both he and co-defendant Malone constituted a conflict of interest, thereby depriving petitioner of the effective assistance of counsel. Petitioner raised this claim in his Rule 29.15 motion for post-conviction relief and on appeal of the denial of the motion. Upon review of the merits of the claim, the Missouri Court of Appeals denied

petitioner relief. (Resp. Exh. M.)

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment right to counsel includes the right to representation that is free from conflicts of interest. <u>Wood v. Georgia</u>, 450 U.S. 261, 271 (1981). A conflict of interest is not created *per se* by counsel's representation of co-defendants, however. <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 348 (1980) (citing <u>Holloway v. Arkansas</u>, 435 U.S. 475, 482 (1978)). Instead, to establish a violation of the Sixth Amendment in such circumstances, "a defendant who raised no objection at trial must demonstrate that an *actual* conflict of interest adversely affected his lawyer's performance." <u>Id.</u> (emphasis added).

In this case, the post-conviction motion court and the court of appeals both articulated what a petitioner must show under <u>Cuyler</u> to establish ineffective assistance of counsel due to counsel's representation of co-defendants. (Resp. Exh. J at 77; Exh. M at 3.) Against this legal backdrop, the Rule 29.15 motion court made the following findings of fact and determined on the basis thereof that counsel's representation of both petitioner and co-defendant Malone did not create an actual conflict of interest:

> The Defendant first complains that counsel was ineffective in that there was a conflict of interest in that the same counsel represented both the movant and the co-defendant Joseph Malone.
>
> . . . [T]he co-defendants were not tried

> together and Malone did not testify on behalf of the State. There was no evidence in the record that an offer was made requesting Malone to testify against Boesing.
>
> . . . Further the court notes that the positions espoused here are not diametrically factually antagonistic. Boesing claims that Malone may have committed the offense but without the aid of Boesing.
>
> Further, Boesing was aware that counsel was representing Malone and indeed Boesing brought Malone to trial counsel's office for the purpose of having Malone retain trial counsel.

(Resp. Exh. J at 77-78.) (Footnotes omitted.)[3]

Noting that an actual conflict of interest arises when the same attorney represents co-defendants at the same trial and presents factually different defenses, or where one defendant testifies, or a request is made that one defendant testify against the other, the motion court found that the circumstances here did not give rise to an actual conflict. The court thus found counsel's representation of Malone not to have adversely affected his relationship with petitioner nor to have materially limited his responsibility to petitioner and, as such, determined counsel's conduct in representing petitioner and his co-defendant not to amount to ineffective assistance. (Resp. Exh. J at 77-78.) The court of appeals agreed: "[N]o actual conflict of interest existed. The

---

[3]Inasmuch as petitioner does not rebut these factual findings with clear and convincing evidence, the findings are presumed correct. 28 U.S.C. § 2254(e)(1).

co-defendants were not tried together, the co-defendants' positions did not diverge with respect to a material factual or legal issue, and there was no evidence in the record that a request was made that co-defendant testify against the movant."  (Resp. Exh. M at 3.)[4]

Where a criminal defendant's lawyer has an actual conflict of interest in his representation of the defendant, the conflict itself demonstrates the denial of the right to effective assistance of counsel.  <u>Cuyler</u>, 446 U.S. at 349 (citing <u>Glasser v. United States</u>, 315 U.S. 60, 76 (1942)).  "But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance."  <u>Id.</u> at 350 (citing <u>Glassner</u>, 315 U.S. at 72-75).  Because the petitioner here did not raise any objection at trial to his counsel's representation of both he and Malone, he must show that counsel acted under an actual conflict of interest to prevail on the instant claim of ineffective assistance of counsel.  <u>Id.</u> at 348.  On the relevant facts adduced during the state court proceedings, as set out above, the Missouri courts found no actual conflict and thus determined that such representation did not deprive petitioner of the effective

---

[4]Nor does a review of the record show petitioner to have requested of his counsel that Malone be called to testify at trial on petitioner's behalf.  (Resp. Exh. A at 179-80; Exh. F at 50-51.)

assistance of counsel. Such decisions were well based on law and fact and were not "contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has petitioner shown that the courts' determinations "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the claim raised in Ground 2 of the instant petition should be denied. 28 U.S.C. § 2254(d).

C.  Ground 3

In Ground 3 of the instant petition, petitioner claims that trial counsel was ineffective by failing to impeach the testimony of Don Lewis with inconsistent statements relating to his prior physical description of the perpetrator of the offense. Petitioner specifically contends that the physical description given by Lewis to law enforcement upon the initial investigation could not have provided the basis upon which he positively identified petitioner in a subsequent photographic spread. Petitioner claims that counsel should have impeached Lewis with his statements attributed to him in the police report. Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion. Upon review of the merits of the claim, the Missouri Court of Appeals agreed with the motion court's determination that counsel's decision constituted reasonable trial strategy, and denied petitioner relief. (Resp.

Exh. M.)

After an evidentiary hearing on the claim, the post-conviction motion court determined counsel's decision not to cross-examine Lewis in the manner as urged by petitioner to be sound trial strategy, specifically finding counsel to have elicited testimony regarding Lewis' prior description of the burglar and the fact that Lewis was not confident of his identification of the petitioner in the photo array. (Resp. Exh. J at 79.) The court of appeals agreed that counsel's method of cross-examination of witness Lewis was a matter of sound trial strategy:

> [T]rial counsel's strategy was to try the case as one of misidentification, and the attorney accordingly cross-examined both witnesses as to their limited time and ability to observe the movant. We fail to see how trial counsel's decision to focus on the witnesses' ability to catch only a quick glance at the burglars, rather than harp on questionable, minor discrepancies in the witnesses' descriptions of the burglars' hair color and height, was anything but trial strategy. Point denied.

(Resp. Exh. M at 5.)

The manner and method of conducting cross-examination are matters of trial strategy, entrusted by the courts to the professional discretion of counsel. Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997).

> The cross-examination of a witness is a delicate task; what works for one lawyer may not be successful for another. . . . "[T]here

> are a few, if any, cross-examinations that
> could not be improved upon. If that were the
> standard of constitutional effectiveness, few
> would be the counsel whose performance would
> pass muster."

Id. (quoting Willis v. United States, 87 F.3d 1004, 1006 (8th Cir. 1996)).

As a matter of trial strategy here, counsel determined to elicit testimony in a manner which was consistent with the theory of defense. The introduction of and emphasis upon minor discrepancies in Lewis' statements could have potentially distracted the jury from the stronger points made during cross-examination. The manner in which counsel conducted the cross-examination of Lewis was therefore reasonable.

Further, upon review of the record, it cannot be said that petitioner was prejudiced by counsel's failure to cross-examine Lewis in the manner now demanded by petitioner. The record shows counsel to have elicited testimony that Lewis was unsure of his identification of the petitioner when viewing the photo spread, as well as testimony that the description given by Lewis to the police did not match exactly petitioner's actual physical attributes. (Resp. Exh. A at 121-22, 125.) Through counsel's cross-examination, therefore, the jury was informed that Lewis' identification of petitioner was questionable and possibly unreliable. It cannot be said that petitioner was prejudiced by counsel's failure to pursue a different line of questioning which would have produced the same result. E.g., Henderson, 118 F.3d at 1288.

In its opinion, the Missouri Court of Appeals set out the Strickland standard for ineffective assistance of counsel and determined counsel's method of cross-examining witness Lewis to be sound trial strategy, and thus not to rise to the level of ineffective assistance. This decision was well based on law and fact and was not "contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the claim raised in Ground 3 of the instant petition should be denied. 28 U.S.C. § 2254(d).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Al Luebbers, Superintendent of Farmington Correctional Center, be substituted for Gene Stubblefield as proper party respondent.

**IT IS FURTHER RECOMMENDED** that Carl Boesing's petition for writ of habeas corpus (Docket No. 5) be dismissed without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in

waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

                                           */s/ Frederick R. Buckles*
                                        UNITED STATES MAGISTRATE JUDGE

Dated this  *4th*  day of May, 2005.